# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MALCOLM GATSON,** | Civil Action No. 17-2014-BRM-DEA |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| **A.O., et al.,** | |
| Defendant. | |

Before this Court are: (1) two supplemental complaints asserting claims pursuant to 42 U.S.C. § 1983 (ECF Nos. 3-4) and two supplemental applications to proceed *in forma pauperis* (ECF No. 3 at 8-12; ECF No. 4 at 8-10) filed by Plaintiff Malcolm Gatson ("Plaintiff"), a prisoner confined in the Monmouth County Jail. For the reasons set forth below, Plaintiff's supplemental applications to proceed *in forma pauperis* are **DENIED WITHOUT PREJUDICE**.[1]

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

---

[1] On March 27, 2017, Plaintiff filed an original Complaint and *in forma pauperis* application. (ECF No. 1.) The Court denied Plaintiff's *in forma pauperis* application for failure to provide the certified account statement as required by 28 U.S.C. § 1915(a)(2). (ECF No. 2.)

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50. If *in forma pauperis* status is denied, a prisoner is required to pay the entire $400, including both the $350 filing fee and $50 administrative fee, before his complaint will be filed. If the prisoner is granted *in forma pauperis* status, however, he will only be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. For those prisoners who receive *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows: in each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

In this action, Plaintiff failed to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1), (2). Although both supplemental *in forma pauperis* applications contain the required affidavit from Plaintiff and an account statement from the facility in which Plaintiff is currently detained, neither of the account statements were certified by the appropriate official of the facility as required by 28 U.S.C. § 1915(a)(2). Accordingly, Plaintiff has failed to provide a complete *in forma pauperis* application, and his supplemental applications are denied without prejudice.

Dated: June 2, 2017

*/s/ Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE